# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. CIV-23-331-GLJ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| (1) ARCH FELLOW NORTH LLC, d/b/a MCDONALD'S, | |
| Defendant. | **Jury Trial Demanded** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex and to provide appropriate relief to Charging Party D.B.E., who was adversely affected by such practices when she was a minor child. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission alleges that the Defendant, Arch Fellow North LLC d/b/a McDonald's, subjected D.B.E. to a hostile work environment because of her sex and constructively discharged her when she was just 17 years old.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Oklahoma.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Plaintiff" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Arch Fellow North LLC ("Defendant" or "Arch Fellow") has continuously been an Oklahoma limited liability company doing business in the State of Oklahoma and the City of Checotah, and has continuously had at least 15 employees.

5. At all relevant times, Arch Fellow has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, D.B.E. filed a charge of discrimination with the Commission (EEOC Charge No. 564-2022-01232) alleging violations of Title VII by Defendant.

7.  On or about August 23, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.  The Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.  The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On or about August 31, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

12. While she was a minor, D.B.E. worked at a McDonald's franchise owned and operated by Defendant Arch Fellow in Checotah, Oklahoma, from approximately October 2, 2020, until her constructive discharge on or about November 17, 2021.

13. Arch Fellow operated 28 locations and employed approximately 1,300 people as of December 2022.

14. D.B.E. was a minor throughout her employment and had just turned 17 years old at the time of her constructive discharge.

15. In or around October 2020, Arch Fellow hired D.B.E. as a Crew Member and later promoted her to a Certified Crew Trainer in or around March 2021.

16. As a Trainer, D.B.E. was responsible for training Crew Members on the proper operations, policies, and. procedures at the fast-food restaurant.

17. D.B.E. possessed the basic qualifications for her positions as a Crew Member and as a Trainer.

18. As both a Crew Member and Trainer, D.B.E. reported to the Department Manager, also known as an Assistant Manager, who reported to the General Manager.

19. In or around September 2021, Arch Fellow hired Mikel Boone, a 26-year-old male, as a Department Manager 3.

20. Boone was D.B.E.'s direct supervisor.

21. As a Department Manager, Boone managed all front and back of house operations; mentored team members at the restaurant; directly supported the General Manager to achieve various performance and quality standards; scheduled daily labor requirements for those under his supervision; provided ideas, thoughts, and solutions to his superiors; and addressed performance issues by coaching, counseling, and managing conflicts among team members.

22. Boone's responsibilities included documenting employee issues and sending employees home; taking disciplinary actions against employees; assigning and directing employees' work; and influencing and recommending final personnel decisions – including termination – to the General Manager.

23. During D.B.E.'s employment, Boone subjected D.B.E. to a hostile work environment because of her sex, culminating in her constructive discharge.

24. In or around October 2021, shortly after he was hired, Boone started making sexual comments to D.B.E., including raunchy and harassing comments.

25. Among other comments, Boone talked about D.B.E.'s body and petite figure; commented about her make-up while asking if she was a stripper; stated that he could "still make good use of her body" if the fryers exploded; insinuated that D.B.E was getting him in trouble with his wife; and stated that he wanted to buy D.B.E. shoes that he picked out to watch her try on.

26. D.B.E. did not welcome Boone's harassment and was offended by it.

27. After about a month of sexual comments and innuendo, Boone's harassment culminated in threatening D.B.E. with rape.

28. Specifically, on or about November 4, 2021, D.B.E. went to a storage shed located outside the restaurant to look for cups.

29. Boone was outside and D.B.E. asked if he knew where to find the cups.

30. Boone followed D.B.E. into the shed and handed her a box of cups.

31. As they were leaving the dark shed, Boone grabbed D.B.E. by the waist and said, "You should be careful getting yourself alone with me, I might rape you."

32. Stunned and in shock, D.B.E. repeatedly told Boone to stop and rushed out.

33. A few days later, on or about November 9, 2021, Crew Member G.B. (another minor female) contacted General Manager Jennifer Aldridge and told Aldridge she refused to come to work because working with Boone made her uncomfortable.

34. G.B. told Aldridge that Boone made comments about her appearance, calling her "gorgeous," that he pushed another Crew Member, A.C. (another minor female), up against a washing machine because he wanted to "have her," and that Boone had said he "wanted to rape" D.B.E.

35. The same day, on or about November 9, 2021, Aldridge contacted D.B.E. and asked her about the incident with Boone in the shed.

36. During that conversation, D.B.E. told Aldridge about Boone grabbing her by the waist and saying that he might rape her.

37. D.B.E. also told Aldridge that Boone had made inappropriate remarks to her before and that she was very uncomfortable working with Boone.

38. Even though D.B.E. was not scheduled to work that day, Aldridge asked her to come to the restaurant to write out a statement describing the shed incident, which she did.

39. Despite D.B.E. stating that she was uncomfortable around Boone and feared retaliation by him, Aldridge nonetheless kept Boone and D.B.E. on the schedule to work together again on November 10, 11, and 13, 2021.

6

40. Boone and D.B.E. both worked their shifts on November 10, 11, and 13, 2021.

41. Arch Fellow did not question Boone about his conduct until on or about November 15, 2021, six days after G.B. and D.B.E. reported it.

42. On or about November 13, 2021, while both Boone and D.B.E. were working, Arch Fellow's corporate Training Supervisor Gail Chirnside came to the restaurant and met with D.B.E. and Aldridge to ask D.B.E. questions about her interaction with Boone.

43. While they were meeting, Boone walked by and stared at D.B.E., intimidating her.

44. D.B.E. explained the incident at the shed and Boone's other sexual harassment to Chirnside and Aldridge.

45. During the meeting on November 13, 2021, Chirnside asked D.B.E. to sign a harassment complaint form, which she did. Chirnside also told D.B.E. to "keep it as quiet as possible."

46. D.B.E. asked Chirnside how the company intended to investigate what happened, and Chirnside said she did not know.

47. D.B.E. also asked to take a picture of her written statement so she would have a copy, but Chirnside refused.

48. Finally, on or about November 15, 2021, six days after D.B.E. told Aldridge that Boone about the shed incident, Chirnside questioned Boone about what happened.

49. During that conversation, Boone admitted he said "rape" in a dark shed with D.B.E. and said that he told her that "this wouldn't be a safe place because someone could get raped in here." Boone claimed D.B.E. responded by saying, "I hope you are not a rapist" and he said, "Maybe I am." Boone also admitted to Chirnside that he called other employees "gorgeous" and "handsome."

50. The next day, on or about November 16, 2021, Arch Fellow concluded its investigation and issued a "final warning" Disciplinary Action Form to Boone for discussing the subject of rape with a minor employee.

51. Arch Fellow never suspended Boone or otherwise removed him from his responsibilities supervising teenage girls and young women.

52. On or about November 17, 2021, D.B.E. resigned due to Defendant's failure to respond immediately or appropriately to Boone's harassment, placing her safety at risk.

53. D.B.E. was forced to give her resignation directly to Boone because he was the only manager on duty when she arrived at the restaurant to submit her resignation.

54. Defendant would have required D.B.E. to continue working with Boone had she not resigned.

55. Thus, D.B.E. had no choice but to resign her employment and was thus constructively discharged.

## STATEMENT OF CLAIM

## COUNT I

## (Title VII – Sexually Hostile Work Environment)

56. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint into this Count.

57. Arch Fellow subjected D.B.E. to sexual harassment and a sexually hostile work environment in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

58. The unlawful employment practices described above deprived D.B.E. of equal employment opportunities and otherwise adversely affected her employment because of her sex.

59. Arch Fellow's unlawful employment practices were intentional.

60. Arch Fellow's unlawful employment practices were done with malice or with reckless indifference to the federally protected rights of D.B.E.

61. As a direct and proximate result of Arch Fellow's unlawful conduct, D.B.E. has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## COUNT II

## (Title VII – Constructive Discharge)

62. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint into this Count.

63. Arch Fellow constructively discharged D.B.E. in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as a reasonable person in her position would have felt compelled to resign as a result of the sexual harassment and sexually hostile work environment.

64. The unlawful employment practices described above deprived D.B.E. of equal employment opportunities and otherwise adversely affected her employment because of her sex.

65. Arch Fellow's unlawful employment practices were intentional.

66. Arch Fellow's unlawful employment practices were done with malice or with reckless indifference to the federally protected rights of D.B.E.

67. As a direct and proximate result of Arch Fellow's unlawful conduct, D.B.E. has suffered actual pecuniary and non-pecuniary damage, including but not limited to lost earnings and benefits, emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Arch Fellow unlawfully discriminated against D.B.E. because of her sex, female, in violation of Title VII, 42 U.S.C. 2000e-2(a)(1), thus entitling her to damages.

B. Grant a permanent injunction enjoining Arch Fellow, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from sexually harassing, subjecting employees to a hostile

work environment because of sex, and/or otherwise discriminating against employees because of sex.

  C. Order Arch Fellow to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

  D. Order Arch Fellow to make whole D.B.E. by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to awarding front pay to D.B.E.

  E. Order Arch Fellow to make whole D.B.E. by providing compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful practices complained of above, including emotional distress damages, in amounts to be determined at trial.

  F. Order Arch Fellow to pay punitive damages to D.B.E. for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

CHRISTOPHER LAGE
Deputy General Counsel

LISA MORELLI
Acting Associate General Counsel

ANDREA G. BARAN
Regional Attorney

LAUREN W. JOHNSTON
Assistant Regional Attorney

s/ Joshua C. Stockton
JOSHUA C. STOCKTON,
OBA # 21833
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 666-0387 (Phone)
joshua.stockton@eeoc.gov (e-mail)

**ATTORNEYS FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**