## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-331-JAR |
| | ) | |
| ARCH FELLOW NORTH LLC, | ) | |
| d/b/a MCDONALD'S, | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] CONSENT DECREE

1.     Plaintiff Equal Employment Opportunity Commission ("EEOC")

brought this action alleging Defendant Arch Fellow North LLC d/b/a McDonald's

("Arch Fellow North") violated Title VII of the Civil Rights Act of 1964, as amended,

by subjecting Dakotah Easley to a hostile work environment because of sex and

constructive discharge.

2.     Arch Fellow North denies the EEOC's allegations.

3.     The parties agree and stipulate this action should be resolved by entry

of this Decree.

4.      The parties agree and stipulate that the terms of this Decree were

negotiated and are a compromise between the parties' opposing positions.

5.     The parties agree and stipulate that the terms of this Decree are fair,

reasonable, adequate, and not contrary to law.

6.      The Court finds that: (i) this Court has jurisdiction over the parties and the subject matter of this action; (ii) the requirements of Title VII will be carried out by the implementation of this Decree; (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit; and (iv) the terms of this Decree constitute a fair, reasonable, equitable, and adequate settlement and are not contrary to law.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

**<u>INJUNCTION</u>**

7.      Arch Fellow North shall not subject any employee to a hostile work environment because of sex.

**<u>MONETARY RELIEF</u>**

8.      The Court enters judgment in favor of the EEOC and against Arch Fellow North in the total amount of Eighty Thousand Dollars ($80,000).

9.      Within seven (7) days of entry of this Decree, Arch Fellow North will pay the gross sum of Eighty Thousand Dollars ($80,000) to Dakotah Easley by two checks, delivered by certified mail to an address provided by the EEOC with an itemized statement setting forth each amount paid and any deductions made, distributed as: (a) one check in the gross sum of Twenty Thousand Dollars ($20,000) designated as back pay, less the deductions referenced in Paragraph 10 below; and (b) one check in the gross sum of Sixty Thousand Dollars ($60,000) designated as compensatory damages.

2

10.     From the amount designated as back pay, Arch Fellow North will deduct only the employee's share of FUTA, FICA, and applicable federal, state, and local tax withholdings for the tax year during which the payment is made. Arch Fellow North will make no deductions from the amount designated as compensatory damages. Arch Fellow North and Easley are each responsible for the payment and discharge of their respective federal, state, and local taxes arising out of payments made pursuant to this Decree.

11.     The receipt of monetary relief by Easley will not be conditioned on an agreement to: (a) maintain as confidential the facts and/or allegations underlying this case or the terms of this Decree; (b) waive statutory right to file a charge with any governmental agency; (c) refrain from applying for employment with Arch Fellow North; (d) agree to a non-disparagement agreement; or (e) any other terms or conditions not explicitly stated in this Decree.

12.     Prior to receipt of monetary relief under this Decree, Easley shall sign, and the Commission will provide to Arch Fellow North, the release attached as Exhibit 2.

13.     In the event of non-payment, it is acknowledged that the monetary relief ordered in this Decree is a debt owed and collectible by the United States, or its proxy, notwithstanding that Easley is the ultimate beneficiary of the monetary relief.

3

14.     No later than January 31, 2027, Arch Fellow North will issue Easley an IRS Form W-2 for the amount designated as back pay and an IRS Form 1099 for the amount designated as compensatory damages.

## HUMAN RESOURCES

15.     During the term of this Decree, Arch Fellow North designates its human resources manager to ensure the company's compliance with applicable federal, state, and local employment laws and regulations pertaining to discrimination and harassment; develop and maintain company policies and procedures to ensure legal compliance and appropriate practices related to employment discrimination and harassment; enforce such policies and procedures; and conduct investigations and resolutions of employment-related discrimination and harassment issues, including allegations of sexual harassment.

16.     The human resources manager designated in compliance with Paragraph 15 above must report directly to Arch Fellow North's owner / president and will be responsible for, among other things, overseeing and managing the day-to-day human resource operations of Arch Fellow North.

## ANTI-HARASSMENT POLICIES AND PROCEDURES

17.     Within sixty (60) days of entry of this Decree, Arch Fellow North will distribute to all employees, and will distribute to new employees during onboarding, the video described in Paragraph 24 below and a clear written policy prohibiting sexually harassing conduct. At a minimum, the policy will:

4

a.    state Arch Fellow North's commitment to preventing sexual harassment and that it is adopted at the direction of Arch Fellow North's owner / president, and is expressly endorsed by him and all company leadership;

b.    describe in clear, easy to understand language, the types of conduct prohibited by the policy, with examples relevant to a fast-food workplace;

c.    encourage Arch Fellow North employees to report prohibited conduct that they witness or experience through one of the avenues listed in Paragraph 17(d) below;

d.    identify multiple avenues for employees to report prohibited conduct, including but not limited to any in-store supervisor or manager; any human resources employee, including the human resource manager; an anonymous method; Arch Fellow North's owner / president; and additional specified members of Arch Fellow North's corporate management;

e.    state that employees who report prohibited conduct will be protected from retaliation and that their reports will remain confidential to the maximum extent possible; and

f.    state that all reports of prohibited conduct will be taken seriously and investigated by Arch Fellow North.

18.     Within sixty (60) days of entry of this Decree, Arch Fellow North will adopt and distribute to all managers, supervisors, and human resource employees, and to new managers, supervisors, and human resource employees upon hire or promotion, clear written procedures for responding to alleged or observed sexually harassing conduct and alleged or observed retaliation against employees who report or oppose such conduct. At a minimum, the procedures will:

a.     state that they are adopted at the direction of Arch Fellow North's owner / president, are expressly endorsed by him, and that he expects full compliance from Arch Fellow North's managers, supervisors, and human resource employees;

b.     require any manager, supervisor, or human resource employee who observes or obtains information regarding potential or alleged sexually harassing conduct to promptly report such information to Arch Fellow North's owner / president or human resources manager;

c.     establish protocols, procedures, and timeframes in which human resource employees with training in conducting workplace investigations will respond to allegations of sexually harassing conduct, take steps to protect potential victims from harm, investigate alleged misconduct with discretion and in a manner that avoids intimidation of potential victims or witnesses, prevent retaliation against employees who report misconduct or participate in the investigative process, and communicate investigative findings; and

d.   specify disciplinary actions that will be taken when misconduct is found, including failure of any manager, supervisor, or human resource employee to comply with the stated procedures for responding to reports or observations of potential or alleged sexually harassing conduct.

## TRAINING

19.   Within sixty (60) days of entry of this Decree and every six months thereafter, Arch Fellow North will require all officers, managers, supervisors, and human resource employees to participate in a minimum of one hour of live training, and will require all of Arch Fellow North's new officers, managers, supervisors, management trainers, and human resource employees to watch a recording of such training within thirty (30) days of their hire or promotion. This training will address:

a.   Arch Fellow North's policies and procedures adopted or maintained in compliance with Paragraphs 17 and 18 above and the obligations and responsibilities of Arch Fellow North's officers, managers, supervisors, and human resource employees to implement and comply with these policies and procedures, including Arch Fellow North's legal obligation to prevent sexual harassment;

b.   explanations and examples of prohibited workplace conduct and appropriate practices for preventing and addressing workplace sexual

harassment, with a focus on teenage workers in the fast food industry; and

c.   actions managers, supervisors, management trainers, and human resource employees are required to take when they observe or receive reports of potentially prohibited conduct.

20.    Within sixty (60) days of entry of this Decree and quarterly thereafter, Arch Fellow North will present fifteen (15) minutes of live, interactive, in-person training at each of its locations regarding Arch Fellow North's prohibition of sexually harassing conduct and its policy adopted in compliance with Paragraph 17 above. Arch Fellow North will maintain attendance records of the trainings and ensure that all persons employed more than one (1) year receive the training at least once every twelve (12) months.

21.    Within sixty (60)  days of entry of this Decree and semi-annually thereafter, Arch Fellow North will require the human resources manager and all employees tasked with investigating potential violations of the policies and procedures adopted in compliance with Paragraphs 17 and 18 above to participate in training presented by an outside vendor with experience in workplace investigations and discrimination prevention regarding appropriate practices for investigating alleged workplace harassment, including but not limited to protecting potential victims from retaliation and continued harassment during and after an investigation, appropriate interviewing techniques, managing vulnerable and

difficult witnesses, assessing credibility, maintaining confidentiality, and documenting investigative actions.

22.     Within one hundred eighty (180) days of entry of this Decree and semi-annually thereafter, Arch Fellow North will conduct an anonymous employee survey to identify potential violations of its policy and procedures adopted in compliance with Paragraphs 17 and 18 above. Defendant's management and its human resource manager will use the survey results to implement additional training and other efforts, as necessary to obtain full compliance with those policies and procedures.

## NOTICES

23.     Within thirty (30) days of entry of this Decree, Arch Fellow North will post the Notice attached as Exhibit 1, signed by Arch Fellow North's owner / president, and in the same color and format shown, at each of Arch Fellow North's premises in a conspicuous location visible to all employees and where notices to employees are regularly posted, and will ensure the Notice remains posted for the term of this Decree.

24.     Within sixty (60) days of entry of this Decree, Arch Fellow North will produce and distribute to all employees a video featuring the owner / president and communicating Arch Fellow North's commitment to maintaining a workplace free from sexually harassing conduct and retaliation; encouraging employees to report any potentially sexually harassing conduct and identifying multiple avenues to do

so; and assuring employees that Arch Fellow North will promptly investigate all such reports and take remedial action where appropriate.

25.     Arch Fellow North will ensure it has posted all notices required to be displayed in the workplace by EEOC regulations, 29 C.F.R. § 1601.30, in conspicuous locations at each of Arch Fellow North's premises and will ensure the notices remain posted as required by law.

## RECORD-KEEPING AND REPORTING

26.     Within five (5) business days of making the monetary payments described in Paragraph 9 above, Arch Fellow North will submit to the EEOC a copy of each check, itemized statement, and any accompanying correspondence.

27.     Within fifteen (15) days of Arch Fellow North's distribution of the policies, procedures, and video described in Paragraphs 17, 18, and 24 above, Arch Fellow North will submit to the EEOC copies of the policies, procedures, and video with sworn certification that they were distributed as required.

28.     Within twenty (20) days of taking the actions required by Paragraphs 14, 19, 20, and 21 above, Arch Fellow North will submit to the EEOC sworn certification that the actions were taken as required, documentation showing the qualifications and certifications of the human resources manager, copies of all materials used or distributed during required training, and attendance logs or other documentation showing training attendance by all required employees.

29.     Within fifteen (15) days of completion of the survey (i.e. receipt of survey results) required by Paragraph 22 above, Arch Fellow North will submit to

the EEOC sworn certification of its compliance with that Paragraph and a summary of the survey results.

30.    Within one hundred eighty (180) days of entry of this Decree and semi-annually thereafter, Arch Fellow North will submit to the EEOC a report identifying all reported incidents of alleged sexually harassing conduct since entry of this Decree or since the prior semi-annual report. Each report is required to include only the date(s), location, and a brief description of the alleged conduct, a description of all actions taken by Arch Fellow North in response to the reported incidents, and a description of all related documents.

31.    Arch Fellow North will retain for the duration of this Decree all documents related to reported incidents of alleged sexually harassing conduct, alleged retaliation related to such reports, Arch Fellow North's actions responsive to such allegations, and the employee survey conducted pursuant to Paragraph 22 above. During the term of this Decree, the EEOC may provide Arch Fellow with a written request for copies of such documents, and Arch Fellow will provide such documents to the EEOC within thirty (30) days. Absent extraordinary circumstances, the EEOC shall not make such a request more than twice every twelve (12) months.

32.    Arch Fellow North will submit all information required by this Decree to the EEOC by email to: EEOC-SLDO-Decree-monitoring@eeoc.gov.

## IRS ACKNOWLEGMENT

33.    The parties acknowledge that the EEOC has made no representations regarding whether any amounts paid pursuant to, or to comply with, the terms of this Decree qualify for a deduction under the Internal Revenue Code, nor has Arch Fellow North relied on any such representations by the EEOC.

34.    The parties acknowledge that the provision of a Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met and that any decision regarding whether payments made pursuant to this Decree qualify for a deduction under the Internal Revenue Code will be made solely by the Internal Revenue Service with no input from the EEOC.

## EFFECT OF DECREE

35.    This Decree will be in effect for thirty-three (33) months from the date of its entry.

36.    The Court will retain jurisdiction over this matter for the duration of this Decree for purposes of compliance and enforcement.

37.    If the EEOC determines that Arch Fellow North has not complied with the terms of this Decree, the EEOC will provide written notice of the alleged breach to Arch Fellow North by electronic email to ███████@archfellow.com. For a period of at least thirty (30) days after such written notification, the EEOC and Arch Fellow North will engage in good-faith efforts to resolve the dispute. If unable to resolve the dispute within thirty (30) days, the parties will meet in-person within sixty (60) days in a good-faith effort to resolve the dispute. If the parties are unable to resolve

12

the dispute following an in-person conference, the EEOC may petition the Court to enforce the Decree. Should the Court determine that Arch Fellow North has not complied with any term of this Decree, the Court will grant appropriate relief.

38.    The terms of this Decree are binding upon Arch Fellow North and its successors. Arch Fellow North and any successor(s) will provide a copy of this Decree to any organization or person who proposes to acquire or merge with Arch Fellow North, or any proposed successor, prior to the closing of any such acquisition, merger, or succession.

39.    This Decree resolves all claims in this lawsuit. By entering this Decree, the parties do not intend to resolve any current or future charges of discrimination other than the charge that created the procedural foundation for this suit.

40.    Each party will bear their own costs and fees.


**IT IS SO ORDERED**.

_1/28/2026_____       _____
**DATE**                      **JASON A. ROBERTSON**
                              **UNITED STATES MAGISTRATE JUDGE**

13

APPROVED:

FOR PLAINTIFF EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION:

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Andrea G. Baran
ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney
St. Louis District Office
1222 Spruce St., Rm. 8.100
St. Louis, MO 63103
Phone: (314) 798-1914
Email: andrea.baran@eeoc.gov

LAUREN W. JOHNSTON, OBA # 22341
Assistant Regional Attorney
JOSHUA C. STOCKTON, OBA # 21833
Senior Trial Attorney
Oklahoma Area Office
215 Dean A. McGee, Ste. 524
Oklahoma City, OK 73102
Phone: (405) 666-0374
Email: lauren.johnston@eeoc.gov
Email: joshua.stockton@eeoc.gov
**Attorneys for Plaintiff**
**Equal Employment Opportunity Commission**

-and-

FOR DEFENDANT
ARCH FELLOW NORTH, LLC

Jonathan Chan, Owner / President

14

Arch Fellow North, LLC

*/s/ Elaine R. Turner*
Elaine R. Turner, OBA #13082
Hilary H. Price, OBA #35200
HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.
100 North Broadway Ave., Suite 2900
Oklahoma City, OK 73102-8865
Telephone: (405) 553-2828
Facsimile: (405) 553-2855
Email: eturner@hallestill.com
Email: hprice@hallestill.com
**Attorneys for Defendant**
**Arch Fellow North, LLC**

EXHIBIT 1

# Federal law prohibits sexual harassment and retaliation in employment.

**Arch Fellow North, LLC is committed to protecting all employees from sexual harassment and will not retaliate against any employee who reports it.**

If you are sexually harassed, or if you see someone else being harassed, **REPORT IT** to:

**Your Store Manager at (XXX) XXX-XXXX**
**Director of Operations at** ▮▮▮▮▮▮▮▮
**Human Resources at** ▮▮▮▮▮▮▮
**Arch Fellow Owner / President at** ▮▮▮▮▮▮▮▮

OR

**Joshua C. Stockton, Trial Attorney**
**Equal Employment Opportunity Commission**
(405) 666-0387 or joshua.stockton@eeoc.gov

_____
Arch Fellow North, LLC
Owner / President

16

Exhibit 2

## **<u>Limited Release of Claims</u>**

In consideration for the payment made to me pursuant to the Consent Decree entered in *Equal Employment Opportunity Commission v. Arch Fellow North LLC d/b/a McDonald's*, Civil Action No. 23-cv-331-JAR (E.D. Okla.), I waive my right to recover for any claims of sexual harassment, sexually hostile work environment, and constructive discharge arising under Title VII of the Civil Rights Act of 1964, as amended, that were alleged or could have been alleged in the EEOC's Complaint in the above referenced case, that I had arising from my employment with Defendant Arch Fellow North, LLC prior to the date of this release.

Date:_____ Signature:_____
                                                    Dakotah Easley